## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OPE MOLLEY<br>200 West Creek Village Dr., Apt. F5<br>Elkton, MD 21921 | :<br>:<br>: |
|        Plaintiff, | :<br>: CIVIL ACTION<br>: |
|     v. | : No.:<br>: |
| SOUTHWEST AIRLINES CO.<br>*d/b/a* SOUTHWEST AIRLINES<br>800 Essington Avenue<br>Philadelphia, PA 19153 | :<br>:<br>: **JURY TRIAL DEMANDED**<br>: |
|        Defendant. | :<br>:<br>: |

### CIVIL ACTION COMPLAINT

Plaintiff, Ope Molley (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by Southwest Airlines Co. *d/b/a* Southwest Airlines (*hereinafter* "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000(d) *et seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1]     Plaintiff was unlawfully terminated by Defendant, and he suffered damages more fully described/sought herein.

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under Title VII. Plaintiff's PHRA and PFPO claims however will mirror identically his federal claims under Title VII.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein (in part) under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual with an address set forth in the caption.

8.      Defendant is a major United States airline headquartered in Dallas, Texas, with terminals in several states (including Pennsylvania). Plaintiff was hired through and worked at Defendant's Philadelphia International Airport terminal with an address set forth in the caption.

2

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.      Plaintiff is a black male from Africa (Liberia).

12.      Plaintiff was employed by Defendant as a ramp agent from in or about November of 2010 until his unlawful termination (as discussed *infra*) on or about November 20, 2018.

13.      While employed with Defendant, Plaintiff was a hard-working employee who performed his job well.

14.      Toward the end of his tenure with Defendant, Plaintiff and two black (African) co-workers,[2] Allie Fofana (*hereinafter* "Fofana") and Kani Amodou Meite (*hereinafter* "Meite"), were accused of violating Defendant's travel/guest pass policy.

15.      For example, Defendant has a rewards program for employees which awards them travel/guest "passes," i.e. the right to "nonrevenue travel" based on employee attendance and work performance.

16.      Defendant allowed Plaintiff and other employees to have a certain number of travel/guest passes to use for themselves or for certain classes of relatives and friends.

17.      Defendant has policies applicable to the misuse and/or abuse of employee travel privileges known as the Employee Travel Privilege Policies ("ETPP").

---

[2] Allie Fofana and Kani Amadou Meite are from the African regions of Sierra Leone and the Ivory Coast, respectively.

18.     Defendant's guest pass policy prohibits the "confirmed sale or confirmed attempted sale of any type of nonrevenue pass."

19.     Upon Plaintiff's information and belief, he, Fofana and Meite were targeted because of their race/national origin and Defendant's travel/guest pass policy was selectively enforced against them in a disparate manner.

20.     For example, on or about September 25, 2018, Plaintiff was pulled from his ramp duties and informed by Defendant's management that Defendant's corporate representatives and management needed to meet with him immediately to discuss travel/guest passes.

21.     Prior to attending the September 25, 2018 meeting, Plaintiff reached out to supervisor Sean Burns (Caucasian, *hereinafter* "Burns"), who informed Plaintiff that he had three options with regard to the meeting: (1) he could cooperate and answer questions; (2) he could cooperate and answer questions with union representation present; or (3) he could refuse to cooperate and answer any questions – which would result in an immediate fact-finding and his probable termination.  Plaintiff opted to attend the meeting with union representatives Akeem Moore (African-American, *hereinafter* "Moore") and Kevin Calabrese (Caucasian, *hereinafter* "Calabrese").

22.     Also present at the September 25, 2018 meeting were Defendant's Security Manager Ann Marie Donalson (Caucasian, *hereinafter* "Donalson"), Senior Manager of Business and Operations Services, Robert Dusseau (Caucasian, *hereinafter* "Dusseau"); Security Investigator, Kayla Rolen (Caucasian, *hereinafter* "Rolen"), and Burns.

23.     During the September 25, 2018 meeting, Donalson informed Plaintiff that Defendant was investigating travel/guest pass abuse and hostilely questioned Plaintiff as to

whether he had ever given his co-workers money for the travel/guest passes that were gifted to him and if the travel/guest passes he transferred were for relatives and friends.

24.     In response to Donalson's questions at the meeting on September 25, 2018, Plaintiff informed her that: (1) he did not purchase or sell any passes; (2) any passes given to him or his black (African) co-workers were gifts; and (3) any funds he gave to his co-workers for the passes were given without prior agreement and only if the co-worker requested reimbursement for taxes payable in respect of the travel/guest passes transferred to him.[3]

25.     At the conclusion of the meeting on September 25, 2018, Donalson required Plaintiff to write a statement indicating that he had received travel/guest passes from co-workers, which he gave to family and friends for travel purposes, and that he gave around $100.00 cash to his co-workers to cover the taxes charged to them.

26.     Plaintiff avers that Donalson told him exactly what to write in the statement he drafted on or about September 25, 2018, and that he only did so to retain his position with Defendant and so that he remained eligible for health care benefits.

27.     Shortly after Plaintiff's meeting with Donalson and Defendant's corporate representatives and management on or about September 25, 2018, Plaintiff discovered that his travel benefits account had been closed and all of his travel/guest passes had been removed from his account.

28.     After discovering that his travel benefits account had been deactivated and his travel/guest passes removed, Plaintiff called Defendant's corporate representative and Donalson

---

[3] Upon Plaintiff's information and belief, taxes are subtracted from the original recipient's paycheck before the original recipient is able to redeem or transfer the travel/guest passes.

to inquire why Defendant had discontinued his travel benefits while he was still employed with Defendant. Donalson replied that it had been a mistake and that his account would be reactivated.[4]

29.     In response to Donalson's claim that Plaintiff's travel benefit account had been mistakenly deactivated, Plaintiff informed Donalson that he believed that he, Fofana, and Meite were being discriminated against based on their race and/or national origin and that Defendant's management had not investigated or spoken to Plaintiff's Caucasian co-workers and/or supervisors who transferred the guest passes and requested and/or accepted tax money for the guest passes. Donalson replied only, "I'm sorry if you see it that way."

30.     Instead of investigating Plaintiff's aforesaid complaints of and/or objections to race and/or national origin discrimination, Defendant's management ignored them and left his legitimate concerns unresolved.

31.     On or about November 10, 2018, Plaintiff received a notice from Burns stating that his attendance was required at a fact-finding meeting scheduled for November 14, 2018, to discuss the ETPP and that Plaintiff was "suspended with pay pending the fact-finding meeting and subsequent results."

32.     Plaintiff was unable to attend the November 14, 2018 fact-finding meeting because of inclement weather, and the meeting was rescheduled for November 20, 2018.

33.     On or about November 20, 2018, Plaintiff attended the fact-finding conference and was again questioned about whether he bought or sold any travel/guest passes, which he denied.

34.     At the conclusion of the November 20, 2018 fact-finding conference, Plaintiff received a memorandum from Burns stating that Defendant had concluded that Plaintiff was "involved in the buying and selling of Southwest Airline Guest Passes" and that his employment

---

[4] Plaintiff avers that his travel benefits account was reactivated shortly after his discussion about same with Donalson; however, his travel/guest passes were never returned to his account.

with Defendant was "terminated effective immediately." Defendant's management asked Plaintiff to immediately retrieve his belongings and leave the premises.

35.   Plaintiff believes and therefore avers that Defendant's purported reason for terminating him – that he was involved in the buying and selling of Defendant's travel/guest passes – is completely pretextual because (1) Plaintiff was a hard-working employee who performed his job well; (2) Plaintiff never bought or sold Defendant's travel/guest passes; (3) while Plaintiff contests buying or selling travel/guest passes, Defendant's ETPP prohibits **only** the selling or attempted selling of guest passes; (4) Plaintiff's complaints of race and/or national origin discrimination were not meaningfully investigated, or resolved and did not result in any discipline or termination of employees; (5) Plaintiff was terminated in close proximity to his concerns of race and/or national origin discrimination; (6) Plaintiff and other African employees were treated disparately because of race/national origin (as discussed *supra*); (7) upon Plaintiff's information and belief, Plaintiff's African co-workers, Fofana and Meite, were terminated for allegedly having committed the same or similar conduct for which Plaintiff was alleged to have committed and for which he was terminated, and (8) other Caucasian employees who have committed the same or similar conduct, for which Plaintiff was alleged to have committed and for which he was terminated, have not been questioned, disciplined, suspended, or terminated.

36.   Plaintiff believes and therefore avers that he was terminated because of his race/national origin and in retaliation for his complaints of race/national origin discrimination.

## COUNT I
## Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")
### ([1] Race/National Origin Discrimination; & [2] Retaliation)

37.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7

38.     During Plaintiff's employment with Defendant, he was subjected to discrimination and disparate treatment with regard to Defendant's policies and termination because of his race/national origin and/or complaints of race/national origin discrimination.

39.     Shortly before his termination, Plaintiff complained of race/national origin discrimination to Defendant's management.

40.     Instead of investigating Plaintiff's aforesaid complaints of and/or objections to race and/or national origin discrimination, Defendant's management ignored them and left his legitimate concerns unresolved.

41.     Plaintiff was abruptly terminated on or about November 20, 2018, in close proximity to his complaints of race/national origin discrimination.

42.     Plaintiff believes and therefore avers that he was terminated because of his race/national origin, and his complaints about race/national origin discrimination.

43.     These actions as aforesaid constitute violations of Title VII.

### COUNT II
### Violation of 42 U.S.C. Section 1981
### ([1] Race Discrimination; & [2] Retaliation)

44.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.     During Plaintiff's employment with Defendant, he was subjected to discrimination and disparate treatment with regard to Defendant's policies and termination because of his race and/or complaints of race discrimination.

46.     Shortly before his termination, Plaintiff complained of race discrimination to Defendant's management.

47.     Instead of investigating Plaintiff's aforesaid complaints of and/or objections to race discrimination, Defendant's management ignored them and left his legitimate concerns unresolved.

48.     Plaintiff was abruptly terminated on or about November 20, 2018, in close proximity to his complaints of race discrimination.

49.     Plaintiff believes and therefore avers that he was terminated because of his race and his complaints about race discrimination.

50.     These actions as aforesaid constitute unlawful discrimination and retaliation under Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:      _____
         Ari R. Karpf, Esq.
         3331 Street Rd.
         Two Greenwood Square, Suite 128
         Bensalem, PA 19020
         (215) 639-0801

Dated:  April 12, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Ope Molley

v.

Southwest Airlines Co. d/b/a Southwest Airlines

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 4/12/2019 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___200 West Creek Village Drive, Apt F5, Elkton, MD 21921___

Address of Defendant: ___800 Essington Avenue, Philadelphia, PA 19153___

Place of Accident, Incident or Transaction: ___Defendant's place of business___

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___4/12/2019___   _____   ___ARK2484 / 91538___
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):*
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Ari R. Karpf___ , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: ___4/12/2019___   _____   ___ARK2484 / 91538___
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MOLLEY, OPE

**(b)** County of Residence of First Listed Plaintiff    Cecil
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

SOUTHWEST AIRLINES CO. d/b/a SOUTHWEST AIRLINES

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981, Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE   4/12/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[ Print ]    [ Save As... ]    [ Reset ]